

**U.S. Department of Justice**

**Tax Division**
Northern Criminal Enforcement Section
P.O. Box 972
Washington, D.C. 20044
202-514-5150 (v)
202-616-1786 (f)

May 14, 2019

Via Email
Peter L. Ettenberg, Esquire
Gould & Ettenberg, P.C.
370 Main Street
Worcester, MA 01608

18-40026 -TSH

Re: *United States v. Richard Rogers*

Dear Attorney Ettenberg:

The Department of Justice Tax Division ("the Government") and your client, Richard Rogers ("Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, but in no event later than June 14, 2019, Defendant shall plead guilty to Count Three (3) of the Indictment charging him with one count of Tax Evasion in violation of 26 U.S.C. § 7201 with respect to the 2014 tax year. Defendant expressly and unequivocally admits that he committed the crime charged in Count Three, did so knowingly and willfully, and is in fact guilty of that offense. Defendant also agrees to waive venue, any applicable statute of limitations as to the charged offense, and any legal or procedural defects in the Indictment.

The Government agrees that it will dismiss the remaining charges in the Indictment at the time of sentencing, and that it will not charge Defendant with any other federal offenses based on the conduct underlying the crimes charged in this case that is known to the Government at this time.

2. Penalties

Defendant faces the following maximum penalties on Count Three of the Indictment: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; the costs of prosecution; and a mandatory special assessment of $100.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence. The parties agree that Defendant's total offense level under the USSG is calculated as follows:

- In accordance with USSG §§ 2T1.4 and 2T4.1, Defendant's base offense level is 16, because the tax loss associated with Defendant's conduct is greater than $100,000 but less than $250,000. The Defendant reserves the right to challenge the Government's tax loss computation at the time of sentencing.

- The Government reserves the right to argue for a two-point increase in Defendant's offense level for sophisticated means pursuant to USSG § 2T1.1(b)(1). The Defendant reserves the right to argue against the two-point increase.

- Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the Government at this time, the Government agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

Based on the Defendant's acceptance of responsibility and other applicable Sentencing Guideline factors, the Government will assert that Defendant's total offense level is 15.

The Government reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the Government and its experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the Government forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the Government and its agents (including Bureau of Prisons medical personnel), as well as experts retained by the Government. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the Government (including Bureau of Prisons medical personnel).

Defendant reserves the right to make sentencing arguments under 18 U.S.C. § 3553(a). This Office reserves the right to oppose Defendant's arguments for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the Government does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of responsibility adjustment, the Government may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the Government's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

- 4 -

4. Sentence Recommendation

The Government agrees to recommend the following sentence before the Court:

(a) incarceration not to exceed the Guidelines sentencing range as calculated by the Court at sentencing;

(b) a fine not to exceed the Guidelines range as calculated by the Court at sentencing, excluding departures;

(c) 36 months of supervised release;

(d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

(e) restitution as set forth below.

Defendant reserves the right to recommend an alternative sentence.

Defendant agrees to provide the Government expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the Government all such items at least 21 days before sentencing shall be deemed waived.

5. Restitution

The Defendant agrees to an order of restitution pursuant to 18 U.S.C. §§ 3663, 3663A. Defendant agrees to pay restitution to the IRS for the 2008 through 2016 tax years in amounts to be determined by the Court at sentencing.

Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS, and to disclose to the IRS any and all additional financial information and financial statements provided to the

probation office. Defendant also agrees to provide the above-described information to the probation office.

If Defendant makes a payment of the restitution agreed to prior to sentencing, the payment will be applied as a credit against the restitution ordered by the Court.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the Government, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

(b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $2,500 per month; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information is satisfied in full.

7. Waiver of Rights to Appeal and to Bring Future Challenge

(a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) should be set aside or reduced.

(b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

(c) Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 24 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

(d) This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges that the Government has retained all appeal rights.

(e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington;* or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

8. Other Post-Sentence Events

(a) If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the Government reserves the right to argue the correctness of the sentence imposed by the Court, in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c).

(b) If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks resentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the Government reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the Government advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

9. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S.

- 7 -

Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the Government's USSG calculations or recommendations, the Government reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

10. **Information for Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. **Rejection of Plea by Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the Government.

12. **Breach of Plea Agreement**

If the Government determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release or has committed any crime following Defendant's execution of this Plea Agreement, the Government may, at their sole option, be released from its commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The Government may also pursue all remedies available to it under the law, regardless whether they elect to be released from their commitments under this Plea Agreement. Further, the Government may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the Government the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. **Who Is Bound by Plea Agreement**

This Plea Agreement is limited to The Department of Justice Tax Division, and cannot and does not bind any other federal, state or local prosecutive authorities.

14. **Complete Plea Agreement**

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

- 8 -

If this letter accurately reflects the agreement between the Government and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness.

Very truly yours,
RICHARD E. ZUCKERMAN
Principal Deputy
Assistant Attorney General

By: _____
John N. Kane, Jr.
Assistant Chief
United States Department of Justice, Tax Division
Northern Criminal Enforcement Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Department of Justice, Tax Division. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Richard Rogers
Defendant
Date: 6/14/19

I certify that Richard Rogers has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the Government has not extended any other offers to resolve this.

Peter L. Ettenberg
Attorney for Defendant
Date: 6/14/19